Shauck, J.
Although this act has been carefully scrutinized by able counsel and patiently examined by us, some reasons for adjudging that it is repugnant to the constitution may have escaped notice.
*647 Prominent among the purposes to be accomplished under this act is the construction of a drill room and armory for the use of the national guard of the state, the third section providing that “such portion of the first story as the commission shall set apart and designate, shall be used exclusively for market purposes, and the remainder of such building shall be maintained under the control and direction of such commission for the free use of the resident Ohio National Guard, etc.” This building, according to the provisions of the 4th section, is to be erected upon the lands acquired by the city for market purposes, and its erection is to be preceded by the removal of the present market house, which the city has erected upon the premises so acquired. The act does not contemplate the consent of the inhabitants of Columbus to this diversion of their property, nor that compensation shall be made therefor.
It is true that the legislature is vested with authority to determine to what extent and for what purposes municipalities may acquire and hold property. But this does not imply legislative authority to seize the property which they have lawfully acquired. Looking to the substance of things, the property which a municipality acquires and holds for purposes of this character is the property of all its inhabitants. The constitutional provisions protect alike the property of municipalities, private corporations and natural persons. The People ex rel. v. The Commissioners, 28 Mich. 240; State ex rel. v. Haben, 22 Wis. 660.
We do not attempt to answer the argument of counsel for the defendants that property held for a public use, may be appropriated to another consistent use. What they have undertaken to defend in this casé is not an act of appropriation, but an act of spoliation.
Another purpose manifested by the clear provisions of the act is to charge upon the taxpayers of Columbus and Franklin county, the cost of erection of the proposed building, *648 which shall be adapted to and used for a drill-room for the national guard of the state and for the preservation of their arms. The general assembly might well conclude that such a building is essential to the efficiency of the militia of the state. The duty of providing for the organization and maintenance of the militia is charged upon the state authorities by the provisions of section ten of article three, and sections three and five of article nine of the constitution. But the expenses incident to the performance of a duty of this general character cannot be made the subject of a local imposition. This conclusion was reached and well sustained in State ex rel. Long v. Brinkman, 1 C. C. R. 165. The purpose to be accomplished by this expenditure is common to the state at large, and the taxes by which it is to be met must, in obedience to the requirements of section two of article twelve of the constitution, be levied by a uniform rule upon all the taxable property within the state. Wasson et al. v. Commissioners, 49 Ohio St. 622.
Paul Jones and Booth & Keating, for plaintiffs.
R. A. Harrison, George S. Peters, and George B. Okey, contra.
No conclusion which we might reach upon other questions presented would avail the defendants. It should not be inferred that we hold that section seven of article ten of the constitution permits the granting of the power of local taxation for a purpose of this character, or that the act would not violate the conditions upon which the market space was conveyed to the city, or that the provisions of the fifth section of the act, making the armory commission a body corporate for the purpose of appropriating additional ground, is not repugnant to section one of article thirteen of the constitution.
The demurrer to the answer is sustained, and, the defendants not desiring to plead further, a perpetual injunction is granted as prayed for.